| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION |

| | | |
|---|---|---|
| JEFFREY STAUBER, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| *Plaintiff*, | § § | No. _____ |
| v. | § § | |
| HARRIS COUNTY, TEXAS, | § § | |
| *Defendant*. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Jeffrey Stauber (referred to as "Plaintiff" or "Stauber") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime compensation from Defendant Harris County, Texas (referred to as "Defendant" or "Harris County" or "the County") and for other violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA"). In support thereof, he would respectfully show the Court as follows:

### I. Nature of Suit

1. Stauber's claims arise under the FLSA.

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general

well-being of workers[.]" 29 U.S.C. § 202(a).  To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers.  29 U.S.C. §§ 206(a), 207(a), 211(c).

3. Harris County violated the FLSA by employing Stauber and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4. Harris County violated the FLSA by failing to award compensatory time off to Stauber and other similarly situated nonexempt employees "at a rate not less than one and one-half hours for each hour of employment for which overtime compensation [would be] required … ." 29 U.S.C. § 207(o)(1).

5. Harris County violated the FLSA by failing to pay overtime compensation to Stauber and other similarly situated nonexempt employees after they accrued 240 hours of compensatory time off. 29 U.S.C. § 207(o)(3).

6. Harris County violated the FLSA by refusing to pay Stauber and other similarly situated nonexempt employees for any unused compensatory time off upon termination of employment. 29 U.S.C. § 207(o)(4).

7. Harris County violated the FLSA by failing to maintain accurate time and pay records for Stauber and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

8.     Stauber brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees.

## II.  Jurisdiction & Venue

9.     The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

10.    Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because Harris County is a political subdivision of the State of Texas located in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to Stauber's claims occurred in the Houston Division of the Southern District of Texas.

## III.  Parties

11.    Stauber is an individual who resides in Kingwood, Texas and who was employed by Harris County during the last three years.

12.    Harris County is a political subdivision of the State of Texas that may be served with process by serving Harris County Judge Lina Hidalgo. *See*, Tex. Civ. Prac. & Rem. Code § 17.024(a).

## IV.  Facts

13.    Harris County is a political subdivision of the State of Texas located in the territorial jurisdiction of this Court.

14.    Harris County is covered by the FLSA, and it is not entitled to sovereign immunity for FLSA claims. 29 U.S.C. §§ 203(c), (e)(2)(C), (x); *Hoff v. Nueces Co., Tex.*, 153

S.W.3d 45, 47 (Tex. 2004) (political subdivisions not entitled to sovereign immunity for FLSA claims).

15. Stauber is a longtime employee of Harris County; he currently works as a deputy sheriff in the Harris County Sheriff's Department and has attained the rank of lieutenant.

16. Like most lieutenants, Stauber's primary duty is law enforcement, which consists of preventing or detecting crime; conducting investigations or inspections for violations of law; performing surveillance; pursuing, restraining and apprehending suspects; detaining or supervising suspected and convicted criminals, including those on probation or parole; interviewing witnesses; interrogating and investigative reports; responding to calls for service; and other similar work.

17. Harris County treats Stauber as an hourly employee; his pay is docked for partial day absences, and he receives compensatory time off (albeit at the incorrect rate) for any hours that he worked over forty in a workweek.

18. In other words, Harris County does not pay Stauber on a salary basis. *See generally*, 29 C.F.R. §§ 541.600-541.607.

19. During Stauber's employment with Harris County, he regularly worked (and continues to work) in excess of forty hours per week.

20. Harris County knows (or reasonably should know) that Stauber works in excess of forty hours per week and that he has been doing so for years.

21. Harris County does not pay Stauber overtime compensation "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

22. Harris County does not award Stauber compensatory time off "at a rate not less than one and one-half hours for each hour of employment for which overtime compensation [would be] required … ." 29 U.S.C. § 207(o)(1).

23. Instead of paying Stauber overtime compensation or awarding him compensatory time off at a rate not less than one and one-half hours for the hours he works over forty in a workweek, Harris County awards Stauber one hour of compensatory time off for each of the overtime hours that he works.

24. Additionally, Harris County limits the amount of compensatory time off that Stauber can accrue and, once he reaches that limit, does not award any additional compensatory time off or otherwise pay Stauber for the overtime hours that he works.

25. In fact, once Stauber reaches the compensatory time off limit, Harris County does not even bother to track his time. *See*, 29 C.F.R. § 553.50 (public agency "shall maintain" the number of hours of compensatory time earned each workweek); *see generally*, 29 C.F.R. pt. 516 (recordkeeping requirements).

26. More specifically (and more importantly), Harris County does not pay overtime compensation to Stauber and other similarly situated nonexempt employees after he accrues 240 hours of compensatory time off. 29 U.S.C. § 207(o)(3).

27. And under its own policy, Harris County will not pay Stauber for any unused compensatory time off upon termination of his employment. 29 U.S.C. § 207(o)(4).

28. Harris County knows (or reasonably should know) that Stauber is not exempt from the maximum hour requirements of the FLSA.

29. Harris County failed to maintain accurate time and pay records (for example, with respect to his compensatory time off) for Stauber as required by 29 U.S.C. § 211(c) and 29 C.F.R. § 553.50 and 29 C.F.R. pt. 516.

30. Harris County is liable to Stauber for his unpaid overtime compensation (or, alternatively, for the compensatory time off that it did not award him), liquidated damages and attorney's fees and costs. *See*, 29 U.S.C. § 216(b).

31. All deputy sheriffs employed by Harris County who have attained the rank of lieutenant or captain are similarly situated to Stauber because they (1) have similar job duties; (2) regularly work in excess of forty hours per week; (3) are not paid overtime compensation or awarded compensatory time off at a rate not less than one and one-half hours for the hours they works over forty in a workweek; (4) are not paid overtime compensation after accruing 240 hours of compensatory time off; (5) are not paid for their accrued compensatory time off upon separation of employment and (6) are entitled to recover their unpaid overtime compensation (or, alternatively, compensatory time off), liquidated damages and attorney's fees and costs from Harris County pursuant to 29 U.S.C. § 216(b).

## V. Count One—
### Failure to Pay Overtime in Violation of 29 U.S.C. § 207(a)

32. Stauber adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

33. During Stauber's employment with Harris County, he was (and is) a nonexempt employee.

34. As a nonexempt employee, Harris County is legally obligated to pay Stauber "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours that he worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

35. Harris County does not pay Stauber overtime as required by 29 U.S.C. § 207(a)(1) for the hours he worked in excess of forty per week.

36. Instead, Harris County either pays Stauber at his straight time rate or does not pay him at all for the hours he works over forty.

37. If Harris County classified Stauber as exempt from the maximum hour requirements of the FLSA, he was misclassified because no exemption excuses the County's noncompliance with the maximum hour requirements of the FLSA.

38. Harris County knows (or showed a reckless disregard for whether) its pay practices violate the maximum hour requirements of the FLSA; in other words, Harris County willfully violated the maximum hour requirements of the FLSA.

## VI. Count Two—
## Failure to Award Compensatory Time Off in
## Violation of 29 U.S.C. § 207(o)(1)

39.   Stauber adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

40.   If Harris County claims that it awards compensatory time off in lieu of overtime compensation, it still violated the law.

41.   A public agency, including a state, a political subdivision of a state, or an interstate governmental agency, may, in lieu of paying overtime compensation, award "compensatory time off at a rate not less than one and one-half hours for each hour of employment for which overtime compensation [would be] required[.]" 29 U.S.C. § 207(o)(1).

42.   Harris County does not award Stauber compensatory time off at a rate not less than one and one-half hours for each hour of employment for which overtime compensation would be required.

43.   Instead, Harris County awards Stauber compensatory time off at a rate of one hour for each hour of employment for which overtime compensation would be required.

## VII. Count Three—
## Failure to Pay Overtime Compensation
## After Accruing 240 Hours of Compensatory Time Off in
## Violation of 29 U.S.C. § 207(o)(3)

44.   Stauber adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

45. Public agencies that elect to award compensatory time off in lieu of overtime compensation must nonetheless pay overtime compensation to employees who accrue 240 hours of compensatory time off. 29 U.S.C. § 207(o)(3).

46. Harris County does not pay overtime to Stauber when he accrues 240 hours of compensatory time off.

47. Instead, Harris County refuses to compensate him at all for that time, whether in the form of cash or its equivalent or compensatory time off.

### VIII. Count Four—
### Failure to Pay for Unused Compensatory Time Off Upon Termination of Employment in Violation of 29 U.S.C. § 207(o)(4)

48. Stauber adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

49. Public agencies that elect to award compensatory time off in lieu of overtime compensation must pay for any unused compensatory time off upon termination of employment. 29 U.S.C. § 207(o)(4).

50. Under its own policy, Harris County will not pay Stauber for any unused compensatory time off upon termination of his employment, and it has not, in fact, done so for numerous employees who separated with unused compensatory time off. 29 U.S.C. § 207(o)(4).

## IX. Count Five—
## Failure to Maintain Accurate Records in
## Violation of 29 U.S.C. § 211(c) and 29 C.F.R. § 553.50 and 29 C.F.R. pt. 516

51. Stauber adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

52. The FLSA requires employers to keep accurate records of hours worked by and wages paid (or compensatory time off awarded) to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 553.50; 29 C.F.R. pt. 516.

53. In additions to the FLSA violations described above, Harris County also failed to keep proper time and pay records as required by the FLSA.

## X. Count Six—
## Collective Action Allegations

54. Stauber adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

55. On information and belief, other employees of Harris County have been victimized by Harris County's violations of the FLSA identified above.

56. These employees are similarly situated to Stauber because, during the relevant time period, they held similar positions, were compensated in a similar manner and were (1) denied overtime compensation at one and one-half times their regular rates for hours worked over forty in a workweek; (2) denied compensatory time off at one and one-half hours for each hour of employment for which overtime compensation would be required and (3) denied payment for unused compensatory time off that they had upon termination of employment.

57. Harris County's policies or practices of (1) failing to pay overtime compensation; (2) failing to award compensatory time off and (3) failing to pay for unused compensatory time off are generally applicable policies or practices and do not depend on the personal circumstances of the putative class members.

58. Since, on information and belief, Stauber's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

59. All employees of Harris County, regardless of their rates of pay, who were (1) paid at a rate less than one and one-half times their regular rates for hours worked over forty in a workweek or (2) awarded compensatory time off at a rate less than one and one-half hours for each hour of employment for which overtime compensation would be required or (3) denied payment for unused compensatory time off that they had upon termination of employment are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The classes are therefore properly defined as:

> Counts 1-5: All lieutenants who were employed by Harris County and who worked in the Harris County Sheriff's Department during the last three years ("Lieutenant Class"); and

> Counts 1-5: All captains who were employed by Harris County and who worked in the Harris County Sheriff's Department during the last three years ("Captain Class").

60. Harris County is liable to Stauber and to the members of the putative class(es) for the difference between what it actually paid them, whether in cash (or its equivalent) or compensatory time off, and what it was legally obligated to pay them.

61. Because Harris County knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the County owes Stauber and the members of the putative class(es) their unpaid overtime compensation or the monetary value of their compensatory time off or payment for unused compensatory time off for at least the last three years.

62. Harris County is liable to Stauber and the members of the putative class(es) in an amount equal to their unpaid overtime compensation or the monetary value of their compensatory time off or payment for unused compensatory time off as liquidated damages. *See*, 29 U.S.C. § 216(b).

63. Harris County is liable to Stauber and the members of the putative class(es) for their reasonable attorney's fees and costs. *See*, 29 U.S.C. § 216(b).

64. Stauber has retained counsel who are well-versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## XI. Prayer

65. Stauber demands the following relief:

    a. an order allowing this action to proceed as a collective action under 29 U.S.C. § 216(b) and authorizing notice to the putative class members;
    b. judgment awarding Stauber and the members of the putative class(es) their unpaid overtime compensation;
    c. judgment awarding Stauber and the members of the putative class(es) the monetary value of the compensatory time off that Harris County failed to award them;
    d. judgment awarding Stauber and the members of the putative class(es) pay for any unused compensatory time off that they had (or will have) upon termination of employment;
    e. liquidated damages;

  f. attorney's fees;
  g. costs;
  h. prejudgment interest at the applicable rate;
  i. post judgment interest at the applicable rate; and
  j. all such other and further relief to which Stauber and the members of the putative class(es) may show themselves to be justly entitled.

Respectfully Submitted,

MOORE & ASSOCIATES

By: *[signature: Melissa Moore]*
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Centre
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF JEFFREY STAUBER**

Respectfully Submitted,

 s/ Robert J. Thomas w/p CCH
Robert J. 'Bob' Thomas
Attorney & Counselor at Law
State Bar No. 19867300
Federal Id. No. 132881
5100 Westheimer Road, Suite 105
Houston, Texas 77056
Telephone: (713) 659-0005
Facsimile: (713) 750-0070

**ATTORNEYS FOR PLAINTIFF JEFFREY STAUBER**